IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| SHADO CALLAGHAN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 12-4094-CV-DPR |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1] | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

An Administrative Law Judge ("ALJ") denied Supplemental Security Income to Plaintiff Shado Callaghan in a decision dated September 21, 2010 (Tr. 11-19). The Appeals Counsel denied review. Thus, the ALJ's decision became the Commissioner of Social Security's final decision denying Social Security Disability benefits. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 416.1481. For the reasons set forth below, the decision of the Commissioner of Social Security is **AFFIRMED**.

### LEGAL STANDARDS

Judicial review of a denial of disability benefits is limited to whether there is substantial evidence on the record as a whole to support the Social Security Administration's decision. 42 U.S.C. § 405(g); *Minor v. Astrue*, 574 F.3d 625, 627 (8th Cir. 2009). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. V. NLRB*,

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as defendant in this action.

305 U.S. 197, 229 (1938)). "Substantial evidence on the record as a whole," however, requires a more exacting analysis, which also takes into account "whatever in the record fairly detracts from its weight." *Minor*, 574 F.3d at 627 (quoting *Wilson v. Sullivan*, 886 F.2d 172, 175 (8th Cir. 1989)). Thus, where it is possible to draw two inconsistent conclusions from the evidence, and one conclusion represents the ALJ's findings, a court must affirm the decision. *See Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992) (citing *Cruse v. Bowen*, 867 F.2d 1183, 1184 (8th Cir. 1989)). In other words, a court should not disturb an ALJ's denial of benefits if the decision "falls within the available zone of choice." *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). A decision may fall within the "zone of choice" even where the court "might have reached a different conclusion had [the court] been the initial finder of fact." *Id.* (quoting *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008)). A reviewing court is directed to "defer heavily to the findings and conclusions" of the Social Security Administration. *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

## ANALYSIS

The operative facts and arguments are thoroughly presented in the parties' briefs and will not be duplicated here. Plaintiff contends the ALJ erred in failing to give substantial or controlling weight to the opinion of the claimant's treating physician, Nathaniel Murphey, M.D. (Doc. 20). The Court has reviewed the medical evidence and opinions in the record, the hearing testimony, and the ALJ's opinion, and finds, consistent with the arguments of the defendant, that the ALJ's decision is based upon substantial evidence on the record as a whole. Between 2005 and 2008, Dr. Murphey saw the claimant for a rash, a broken finger, and an injured elbow (Tr. 493-563). Nowhere in the treatment notes for these conditions does Dr. Murphey express an opinion regarding the claimant's functional abilities. In 2010, Dr. Murphey prepared a letter

2
Case 2:12-cv-04094-DPR   Document 26   Filed 08/30/13   Page 2 of 3

listing the claimant's impairments as ADHD, seizures, other neurological conditions, trouble concentrating, low self esteem, depression, blindness in his left eye, and mild retardation (Tr. 684). Again, Dr. Murphey's letter does not address the claimant's functional abilities or limitations.

The ALJ indicated that he gave great weight to the opinion of examining psychologist Laura Brenner, Ph.D., because her opinion was based on thorough psychological testing and evaluation, and it was consistent with the record as a whole. Furthermore, Dr. Brenner expressed opinions about the claimant's specific functional abilities and limitations in relation to his ability to work (Tr. 672-80). Under the regulations,

> The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion.

20 C.F.R. § 416.927(c). Based on this guidance, the thoroughness of Dr. Brenner's opinion, and the support and explanation lacking in Dr. Murphey's notes and letter, it was not improper for the ALJ to give controlling weight to Dr. Brenner's opinion.

Taken together, the ALJ's RFC determination is based upon substantial evidence on the record as a whole. Accordingly, the Court will not disturb the ALJ's denial of benefits.

Therefore, based on all the foregoing, **IT IS ORDERED** that the decision of the Commissioner of Social Security is **AFFIRMED**.

**IT IS SO ORDERED.**

DATED: August 29, 2013

    /s/ *David P. Rush*
**DAVID P. RUSH**
**United States Magistrate Judge**